MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@HankinPatentLaw.com
ANOOJ PATEL (SBN: 300297)
E-Mail: Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
11414 Thurston Cir.
Los Angeles, CA 90049
Telephone: (310) 979-3600

Bole "Steven" Yuan (*pro hac vice* to be filed)
Email: stevenyuan@lawvictor-ip.com
**LAW OFFICE OF BOLE YUAN, ESQ.**
1617 John F. Kennedy Blvd., Suite 1060
Philadelphia, PA 19103

Attorneys for PLAINTIFF,
**DONGTAI TAILAI TECHNOLOGY CO., LTD**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| DONGTAI TAILAI TECHNOLOGY CO., LTD., d/b/a MAEYTAU, a Chinese limited company,<br>Plaintiff,<br><br>v.<br><br>DBEST PRODUCTS INC., a California corporation,<br>Defendant. | Case No.: 2:26-CV-13226<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Dongtai Tailai Technology Co., Ltd., d/b/a Maeytau, a/k/a dongtaitailaikejiyouxiangongsi ("Plaintiff" or "Maeytau"), by and through its undersigned attorneys, files this Complaint for Declaratory Judgment against Defendant dbest products, Inc. ("Defendant") and in support thereof alleges as follows:

**NATURE OF ACTION**

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and the United States Patent Act, 35 U.S.C. § 1 *et seq*.

2. Plaintiff seeks declaratory judgment that Defendant's U.S. Patent No. 11,338,835 (the "'835 Patent" or the "Patent-in-Suit") is not infringed by Plaintiff's Products. A true and correct copy of the Patent-in-Suit is attached hereto as Exhibit 1.

3. Plaintiff brings this action in view of the actual controversy created by Defendant. Defendant has abusively asserted patent infringement claims against Plaintiff's Products with the Amazon.com online marketplace platform owned and operated by Amazon.com, Inc. ("Amazon"), causing Amazon to remove the listing of Plaintiff's Products.

## PARTIES

4. Plaintiff is a limited company organized under the laws of the People's Republic of China, having its principal place of business at Room 108, Building 5, Auto Parts Market Bicheng Business Park, Wulie Town, Dongtai, Yancheng City, Jiangsu Province, China 211100. Plaintiff conducts business online through a storefront and seller account on Amazon.com under the name "Maeytau" with the unique Amazon Seller ID A2WBXH5LLNUD2U.

5. Upon information and belief, dbest products, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 16506 S Avalon Blvd, Carson, California 90746.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the federal patent claims pursuant to 28 U.S.C. §§ 1331, 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. The Court has supplemental

jurisdiction over the California state-law claims pursuant to 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over Defendant because Defendant is a corporation organized and existing under the laws of California, with its principal place of business alleged to be at 16506 S Avalon Blvd, Carson, California 90746, which is located within this District.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District, as defined by 28 U.S.C. § 1391(c)(2).

## FACTUAL BACKGROUND

### A. Plaintiff's Non-Infringing Products

9. Plaintiff sells a modular plastic storage product on Amazon.com identified by the unique Amazon Standard Identification Number (ASIN) B0GYRQKGW9 ("Plaintiff's Product").

10. Plaintiff's Product is a modular storage system comprising stackable organizer bins in a four-tier configuration. Each bin includes a static bottom panel and four perimeter walls (a front wall, a rear wall and two opposing side walls). Each wall is hingedly connected to the bottom panel along a horizontal hinge axis, allowing the wall to fold inward flat against the bottom panel. When unfolded into an upright configuration, adjacent walls lock together via integrated snap-fit tabs. The front wall further comprises a magnetic tilt-down door for front access. The bottom tier bin includes standard furniture caster wheels to move the system across horizontal surface.

11. Plaintiff's Product contains no vertically hinged bi-fold panels, no separate rotatable base panel, and no tracks or slideable locking members.

### B. Defendant's Patent-in-Suit

12. The ’835 Patent, titled “High Load Capacity Collapsible Carts,” is directed entirely to a heavy-duty, rolling utility cart.

13. Claims 1, 9 and 17 are the only independent claims of the ’835 Patent.

14. Every independent claim in the ’835 Patent requires specific structural elements of a rolling cart that are wholly absent from Plaintiff's Product.

15. Independent Claim 1 requires a collapsible cart structure featuring vertically hinged folding sidewall panels (a first right panel and a second right panel), “a rotatable base panel rotatably coupled to the bottom wall,” “a first track” formed along the right panels extending across the vertical axis, and a “first slideable member cooperatively engaged with the first track” that slides across the hinge to lock the panels together.

16. Independent Claim 9 is directed to the cart’s stair-climbing transport mechanism, explicitly requiring a “stair-climbing wheel assembly” that comprises three separate wheels, three spokes, and a central rotational wall.

17. Independent Claim 17, similar to Claim 1, requires a track-and-slider locking assembly, expressly reciting a “track” built into the cart walls to facilitate the locking of the collapsible structure.

**C. Defendant’s Bad-Faith Amazon Takedown**

18. On October 21, 2026, Defendant, acting through its representative Alvaro Gonzalez under the brand name “Quik Cart,” submitted a patent infringement report to Amazon with the Amazon internal complaint identification number 22640910591, falsely alleging that Plaintiff’s Product infringes the ’835 Patent.

19. Defendant knew or should have known that its infringement allegations were objectively baseless. Defendant routinely files similar complaints against competing plastic storage boxes, only to voluntarily dismiss its own federal lawsuits with prejudice when challenged by sellers in this District.

20. As a direct result of Defendant's fraudulent takedown, Amazon immediately deactivated ASIN B0GYRQKGW9, destroying Plaintiff's revenue stream, stranding FBA inventory, and accruing unnecessary and punitive storage fees.

## COUNT I

## Declaratory Judgment of Non-Infringement of the '835 Patent (35 U.S.C. § 271)

21. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

22. An actual and justiciable controversy exists between the parties regarding the alleged infringement of the '835 Patent.

23. To establish patent infringement, a patentee must prove that an accused product meets every single limitation recited in at least one independent claim.

24. To the extent any claims of the '835 Patent are found to be enforceable, the manufacture, use, offer for sale, sale, and/or import of Plaintiff's Product have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '835 Patent.

25. Because Plaintiff's Product features a storage bin that relies on integrated snap-fit tabs to lock its walls together, it entirely lacks the "first track" and "first slideable member" required by Claims 1 and 17.

26. Because Plaintiff's Product features a static, unitary bottom panel from which the walls fold, it entirely lacks the separate "rotatable base panel rotatably coupled to the bottom wall" required by Claim 1.

27. Because Plaintiff's Product uses standard furniture caster wheels to move across horizontal surface, it entirely lacks the "stair-climbing wheel assembly" required by Claim 9.

28. Because Plaintiff's Product lacks these mandatory claim limitations, it cannot infringe Claim 1, Claim 9, or Claim 17 of the '835 Patent, either literally or under the Doctrine of Equivalents.

29. Plaintiff is entitled to a judgment declaring that Plaintiff's Product has not and will not infringe any valid and enforceable claims of the '835 Patent.

**COUNT II**

**Intentional Interference with Contractual Relations**

30. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

31. Plaintiff maintains a valid contract with Amazon, known as the Amazon Services Business Solutions Agreement (the "BSA"). The BSA governs Plaintiff's right to list, distribute, and sell goods on the Amazon marketplace and to utilize Fulfillment by Amazon (FBA) warehousing and logistics services.

32. As an Amazon seller itself, Defendant knew or reasonably should have known that Plaintiff operates under the BSA to sell its products and utilize FBA services.

33. Defendant intentionally submitted Complaint ID 22640910591 to Amazon with the specific intent to induce a breach or otherwise disrupt Plaintiff's performance and benefits under the BSA.

34. Defendant's extrajudicial patent enforcement with Amazon was objectively baseless because no reasonable patentee could believe that Plaintiff's stackable snap-fit closet organizers, which lack any tracks, sliders, and rotatable bases, infringe Defendant's '835 Patent.

35. Defendant acted with subjective bad faith for the anti-competitive purpose of eliminating a marketplace competitor. Therefore, Defendant's actions are stripped of federal patent preemption immunity.

36. Defendant's actions successfully disrupted the contractual relationship under the BSA. Even if Amazon's discretionary removal of Plaintiff's Products did not constitute a formal breach of the BSA by Amazon, Defendant's conduct rendered Plaintiff's performance under the BSA significantly more burdensome, impossible, and costly. Specifically, by triggering the deactivation of ASIN B0GYRQKGW9, Plaintiff's Products were stranded in Amazon fulfillment centers. This subjected Plaintiff to involuntary and continuing FBA storage fees, aged inventory surcharges, and potential disposal costs, all without the ability to offset those costs through active marketplace sales.

37. As a direct and proximate result of Defendant's intentional interference, Plaintiff has suffered and continues to suffer substantial pecuniary damages in an amount to be proven at trial.

**COUNT III**

**Intentional Interference with Prospective Economic Advantage**

38. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

39. Plaintiff possessed existing and prospective economic relationships with retail consumers seeking to purchase modular storage organizers on the Amazon marketplace. These relationships contained a

probable future economic benefit to Plaintiff, as evidenced by the established, daily sales velocity of ASIN B0GYRQKGW9 prior to the takedown.

40. Defendant knew of these prospective economic relationships, as Plaintiff and Defendant are direct competitors in the exact same e-commerce market segment for household storage solutions.

41. Defendant intentionally engaged in independently wrongful acts designed to disrupt these relationships by submitting false and baseless patent infringement reports to Amazon, knowing that Amazon would act upon these reports by removing the listing for Plaintiff's Products. Specifically, Defendant's conduct constitutes Trade Libel under California common law, deceit under California Civil Code §§ 1708–1710, and violations of California Business and Professions Code § 17200.

42. Because Defendant's independently wrongful acts were executed with subjective bad faith and based on objectively baseless infringement allegations, they are entirely outside the scope of federal patent preemption.

43. Plaintiff's relationships with prospective retail consumers were actually disrupted, as consumers were entirely blocked from viewing or purchasing Plaintiff's Product upon its delisting from the marketplace.

44. As a direct and proximate result of Defendant's independently wrongful acts, Plaintiff suffered substantial economic harm, including but not limited to lost sales, lost net profits, destruction of digital goodwill and Amazon Best Seller Rank (BSR), and accrued FBA storage penalties, in an amount to be proven at trial.

## COUNT IV

**Violation of California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200)**

45. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

46. California Business and Professions Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

47. Defendant's conduct constitutes an unlawful, unfair, and fraudulent business practice because it is a deliberate, anti-competitive scheme to abuse Amazon's automated notice-and-takedown procedures with a baseless patent infringement claim to suppress legitimate marketplace competition.

48. By asserting a heavy-duty cart patent containing mandatory track, slider, and rotatable base limitations against Plaintiff's Product which entirely lacks any of these elements, Defendant weaponized Amazon's enforcement portal to establish a *de facto*, extrajudicial monopoly over unpatented, non-infringing modular storage products. This conduct violates the fundamental public policy favoring fair, free, and open market competition.

49. Defendant acted in subjective bad faith to inflict commercial injury rather than protect legitimate patent rights. Consequently, Defendant's conduct is stripped of federal patent preemption.

50. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent business practices, Plaintiff has suffered injury-in-fact and lost money or property pursuant to California Business and Professions Code § 17204. Plaintiff's economic losses include, without limitation:

a. Continuous, non-refundable Amazon FBA storage fees, aged inventory surcharges, and removal penalties for stranded inventory;

b. Immediate deprivation of commercial revenue and net profits; and

c. Direct expenditure of financial resources and legal costs incurred to secure the reinstatement of its lawful commercial listing.

51. Pursuant to California Business and Professions Code § 17203, Plaintiff is entitled to:

a. A preliminary and permanent mandatory injunction compelling Defendant to immediately retract Amazon Complaint ID 22640910591;

b. An injunction prohibiting Defendant, its officers, agents, and attorneys from submitting future bad-faith patent infringement reports against Plaintiff's Product or substantially similar storage products; and

c. Full restitution of all monies and property wrongfully acquired or retained by Defendant as a result of its unfair competition.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1) A judgment declaring that the manufacturer, use, offer for sale, sale, and/or import of Plaintiff's Product has not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '835 Patent;

2) An Order directing Defendant to retract its infringement report against Plaintiff's Product and to take all actions necessary to withdraw such infringement contentions with Amazon;

3) A permanent injunction enjoining Defendant from asserting the '835 Patent and its continuations against Plaintiff's Product;

4) A judgment finding Defendant liable for intentional interference with contractual relations;

5) A judgment finding Defendant liable for intentional interference with prospective economic advantage;

6) A judgment finding Defendant liable for unfair competition under California Business and Professions Code § 17200 *et seq.*;

7) An award of compensatory and special damages sufficient to make Plaintiff whole for the harm caused by Defendant's conduct;

8) An award of punitive damages;

9) An award of reasonable attorney's fees, to the extent authorized by law;

10) An award of Plaintiff's costs in this action;

11) Pre- and post-judgment interest;

12) Any and all such other relief that this Court deems just and proper.

Respectfully Submitted,
**HANKIN PATENT LAW, APC**

Date: November 12, 2026

By: /Marc E. Hankin/

Marc E. Hankin (SBN 170505)
Attorney for PLAINTIFF,
**DONGTAI TAILAI TECHNOLOGY CO., LTD**

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,
**HANKIN PATENT LAW, APC**

Date: November 12, 2026

By: /Marc E. Hankin/

Marc E. Hankin (SBN 170505)
Attorney for PLAINTIFF,
**DONGTAI TAILAI TECHNOLOGY CO., LTD**